Dear Mayor Ezell:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask:
 1) Whether funds received from fines can be used for paying for police and fire insurance, equipment, etc., and who should have control of that account?
 2) Whether an ordinance can be passed that stipulates that all legal papers and grants are to be signed by the mayor and one council member.
 3) Whether the mayor has the authority to pay any and all bills without the consent of the board of aldermen?
 4) What is the procedure for allowing inspection of city hall records?
With regard to your first question, Louisiana R.S. 33:422 states:
 Section 422.
 Clerk to act as auditor; paying fines and forfeitures into treasury; inspection of auditor's books.
 The clerk shall be the auditor of the municipality. He shall keep a book in which he shall enter and preserve accounts of each particular fund, and the accounts of each municipal officer. The treasurer shall not receive money from any source until the same has been reported to the clerk and audited, and a receipt warrant issued therefor. All fines and forfeitures shall be reported by the officer collecting the same, immediately after such collection, and be paid into the treasury. The books of the auditor shall be subject to inspection by the taxpayers of the municipality at any time during business hours.
Additionally, La. R.S. 33:404 sets forth the mandatory duties, powers and responsibilities of the mayor. It provides in pertinent part:
 A. The mayor shall have the following powers, duties and responsibilities:
 (8) To sign warrants drawn on the treasury for money, to require that the municipal clerk attest to such warrants, to affix the municipal seal thereto, and to keep an accurate and complete record of all such warrants. (Emphasis added).
This office has previously concluded in Attorney General Opinions No. 79-234 and 93-669 that, according to La. R.S. 33:422, all funds must go into the treasury, but that it is within the legal authority of the village to establish and administer an account within the general fund from which expenditures may be made for insurance, new equipment, and other necessities of the police and fire departments. Also, this office has previously concluded in Attorney General Opinions No. 92-174 and 98-469 that La. R.S.33:404 vests the authority for signing checks solely with the mayor as the executive officer and administrator of the municipality.
Your second question asks if the mayor and one council member (alderman) can sign all legal papers and grants. Again, La. R.S.33:404 sets out the duties of the mayor. As stated above, one of the duties of the mayor is to sign warrants or checks. Section 404 also states the following in pertinent part:
 A. The mayor shall have the following powers, duties, and responsibilities:
 (4) To sign all contracts on behalf of the municipality.
While the mayor may sign contracts on behalf of the municipality, he may not enter into such contract or incur debt without the approval of the board of aldermen. Once the approval is given only the mayor can sign the contract. Any other documents requiring a signature can be signed by those designated to do so by an ordinance. This could be the mayor and a member of the board of aldermen.
Your third question asks if the mayor has the authority to pay bills of the municipality. The mayor has the specific duty to sign warrants drawn on the treasury and to require the clerk to attest to the warrants. He is also able to pay specific bills without the approval of the board of aldermen as long as the bills fall within a category in the approved budget and proper appropriations have been made.
If the budget requires amendment, it must be done in compliance with La. R.S. 39:1301 et seq., the Louisiana Local Government Budget Act. In accordance with statutes pertaining to Lawrason Act municipalities, and those comprising the Louisiana Local Government Budget Act, the authority to adopt and amend the budget is vested exclusively with the mayor and the board of aldermen. Only after the budget is amended can the mayor pay additional bills of the municipality.
The last question you ask deals with the procedure for allowing individuals to inspect public records. According to the Louisiana Public Records Law, La. R.S. 44:1 et seq., the public has the right to inspect and copy any documents deemed to be "public records." More particularly, this is set out in La. R.S.44:31 which states:
 Except as otherwise provided in this chapter or as otherwise specifically provided by law, and in accordance with the provisions of this chapter any person of the age of majority may inspect, copy or reproduce or obtain a reproduction of any public record.
What is a "public record" is defined by La. R.S. 44:1 and the jurisprudence interpreting this statute. Generally, all records, writings, recordings, tapes, reproductions, and electronic data prepared for use by any instrumentality of state, parish or municipal government are public records for purpose of the Public Records Law.
Section 32 of Title 44 elaborates on the duty of the custodian of the records to permit examination. This statute states that the custodian shall present any public record to any person of the age of majority who requests the record and shall make no inquiry of any person, except an inquiry as to the age and identification of the person.
The custodian is allowed three days to determine if a record is public or not, but three days are not allowed to determine if inspection of a public record will be allowed. According to Section 32 (C) (3), "No fee shall be charged to any person to examine or review any public records . . .", although the custodian may establish and collect reasonable fees for making copies of public records. In Section 32(A) the custodian is not prevented from "maintaining such vigilance as is required to prevent alteration of any record while it is being examined." At the same time the custodian "shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter."
I trust this sufficiently answers your questions. However, if you should need any further assistance, do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ FRANCES J. PITMAN Assistant Attorney General